**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**
**CIVIL ACTION NO. 5:25CV-P203-JHM**

NASHAWN A. SMITH                                                    PLAINTIFF

v.

BOBBIE J BUTTS *et al.*                                            DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff Nashawn A. Smith filed the instant *pro se* 42 U.S.C. § 1983 action.  The matter is

now before the Court upon an initial review of the complaint pursuant to 28 U.S.C. § 1915A.  Upon

review, the Court will dismiss some of Plaintiff's claims with prejudice and one claim without

prejudice for the reasons stated herein.

**I.  SUMMARY OF ALLEGATIONS**

Plaintiff was a convicted inmate at the Western Kentucky Correctional Complex (WKCC)

at the time pertinent to the complaint.  He sues WKCC Warden Bobbi Jo Butts and Adjustment

Officer Andrew Kenyon in their official capacities only.

Plaintiff states as follows:

I asked for Mental Health, no live testimony by Mental Health was giving, no
opportunity to cross examine or even an opportunity to review the findings from
Mental Health that the Adjustments Officer attached to all these write-up I got.
Denying due process and fundamental fairness as Andrew Kenyon did.  There was
no mention why me and my leagle aid did not get to review the attached Mental
Health opinion.  And I was not informed at the hearing I shall be entitled to be
informed of my right to remain silent in the hearing.  When I was a child had mental
health issues and intellectual issues.  I have mental health breakdowns a lot  (1) on
June 26 at 12:04 pm I went under my mattress and wrote on the floor in blood "help
me" Andrew Kenyon had maxed me on punishment.  A lot of these things I was
doing pooping on the floor laughing at it, grabbing it throwing it, hiting, biting,
banging my head on the door. I lacked in substantial capacity obviously evidence
of mental health and intellectual issues.  I dont understand why I was going through
such time.  In a 2014 report the DOJ stated long term use of solitary confinement

on mentally ill prisoner "violates the 8th Amendment prohibition against cruel and unusual punishment." This lead up to the next page.

I went into WKCC happy on May 29, 2025. I had been at KSR for a psy eval. Yes I do have some mental health. It was unproffesional for them not to know a lot about my illness of ADHD, bi-polar, ADD, possible schopraniea. On June 6, 2025 it was near diner time they had called my dorm it was raining outside. So I asked them can I wait they said no. So I went to go get my food I had got wet. So I asked them to what they wanted me to do with the wet clothes and I had no more clean they said change and why I had none clean I told them I was new I had no laundry bag to wash them they asked me the same thing why I had no clean clothes I asked them can I keep what I had on sweatpants and half-clean uniform shirt they said no. Then told me to go back to my wing. I go back and a CO follow me told me to drop it after I went back to my bed space I was playing on my tablet at that time to calm my self I did not respond then I said go away.

As relief, Plaintiff seeks compensatory damages and punitive damages "in the amount of 150/days of confinement served – days of GTL."

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466

2

(6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Id.* (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Defendants are officials or employees of the Commonwealth of Kentucky. State officials or employees sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, because Plaintiff seeks compensatory damages from state officials or employees in their official capacities, his claims must be dismissed for failure to state a claim upon which relief may be granted.

Moreover, while Plaintiff did not sue Defendants in their individual capacities, the Court may allow Plaintiff to amend his complaint to bring individual-capacity claims if such claims would not be futile. *See Bishawi v. Ne. Ohio Corr. Ctr.*, 628 F. App'x 339, 347 (6th Cir. 2014) ("Although a district court may allow a plaintiff to amend his complaint before entering a sua

sponte dismissal, it is not required to do so, *LaFountain v. Harry*, 716 F.3d 716 F.3d 944, 951 (6th Cir. 2013), and leave to amend should be denied if the amendment would be futile."). Before allowing Plaintiff to amend his complaint, the Court will determine if individual-capacity claims against Defendants would be futile.

The Court construes the complaint as alleging that Defendant Kenyon denied his right to due process in prison disciplinary proceedings resulting in the loss of good time credit. However, in *Heck v. Humphrey*, 512 U.S. 477, (1994), the Supreme Court held:

> [I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]

*Id.* at 486-87 (footnote omitted). Thus, if a ruling on a claim would necessarily render a plaintiff's continued confinement invalid, the claim must be dismissed because it is not cognizable until the challenged confinement has been invalidated by some other process. *Id.* at 487. The Supreme Court has extended the application of *Heck* to prison administrative proceedings, such as the one challenged by Plaintiff in this case, and clarified that a prisoner must show a favorable termination of his disciplinary proceeding before filing a civil action in cases where the duration of his sentence has been affected. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997). The *Heck* and *Edwards* bar applies no matter the relief sought—damages or injunctive relief. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Nothing in the complaint suggests that the disciplinary action in question has been terminated in any of the ways articulated by *Heck*. If this Court were to find a violation of due process, such a finding would necessarily render his disciplinary proceedings invalid. Therefore, Plaintiff fails to state a due process claim related to the disciplinary proceedings. Accordingly, the

4

Court finds that allowing Plaintiff to amend his complaint to sue Defendants in their individual capacities would be futile as to this claim.

Plaintiff also describes an incident where he was not allowed to change out of wet clothes. The Eighth Amendment's prohibition against cruel and unusual punishment applies to inhumane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825, 834, 825 (1994). "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Id*. at 832 (quoting *Hudson v. Palmer*, 468 U.S. 516, 517 (1984)). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). Instead, "[e]xtreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. at 9. Upon review, the Court finds that Plaintiff has failed to state an Eighth Amendment claim based on not being allowed to change out of wet clothes on one occasion, and allowing Plaintiff to amend the complaint to sue Defendants in their individual capacities would also be futile as to this claim.

Finally, Plaintiff states, "In a 2014 report the DOJ stated long term use of solitary confinement on mentally ill prisoner 'violates the 8th Amendment prohibition against cruel and unusual punishment.'" However, he does not allege that he himself was held in solitary confinement or describe any of the conditions or the length of such confinement. Upon consideration, the Court will dismiss the complaint without prejudice to Plaintiff suing any prison personnel in their individual capacities whom he alleges were directly involved in housing him in solitary confinement, if he was, and providing more facts about such confinement. *See LaFountain*, 716 F.3d at 951; *Rashada v. Fiegel*, No. 23-1674, 2024 U.S. App. LEXIS 7883,

5

at \*12 (6th Cir. Apr. 1, 2024) (approving dismissal of *pro se* complaint without prejudice and with leave to amend).

The **Clerk of Court is DIRECTED** to place this case number and word "Amended" on a § 1983 complaint form and send it to Plaintiff, along with three summons forms, should Plaintiff choose to amend the complaint.

**IT IS ORDERED** that should Plaintiff file an amended complaint he must do so **no later than May 14, 2026.**

### IV.  CONCLUSION

Accordingly, the Court will enter a separate Order dismissing the action

Date:    April 15, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
4414.010

6